# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Lonnie Arsberry, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 17 C 50044 |
| | ) | |
| Wexford Health, Inc., | ) | |
| | ) | |
| *Defendant*. | ) | Judge Frederick J. Kapala |

## ORDER

Defendant's motion to dismiss [26] is granted. The first amended complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint within 30 days in accordance with the directives in this order. Should plaintiff's counsel determine that he is unable to file an amended complaint, he should so inform the court. Failure to timely comply with this order may result in dismissal of this case with prejudice.

## STATEMENT

Plaintiff, Lonnie Arsberry, a 71-year-old inmate in the Illinois Department of Corrections' ("IDOC") Dixon Correctional Center ("DCC"), has sued defendant, Wexford Health Sources, Inc. ("Wexford") in connection with the medical care Wexford has provided to him for various "chronic illnesse s and injuries." Wexford has filed a motion to dismiss pursuant to Rule 12(b)(1) and (6) claiming that this court lacks subject matter jurisdiction and for failure to state claims. For the reasons that follow, the motion is granted.

### I. ALLEGATIONS

The first amended complaint begins with the statement: "NOW COMES the Plaintiff, Lonnie Arsberry (A-013489), a state prisoner, and files this civil rights action under 42 U.S.C. § 1983, alleging denial of medical care in violation of the Eighth Amendment to the United States Constitution the [sic] state tort of lnstitutional Negligence." Next, there are allegations of this court's federal question subject matter jurisdiction under "42 [sic] U.S.C. § 1331" and a description of the patties. Two counts styled "Institutional Negligence" and "Improper Deduction of $5 Medical Co-Payment," respectively, follow. Count II is clearly an allegation that defendant violated state-law. The law allegedly violated in Count I is less clear.

In Count I, plaintiff alleges that Wexford is contracted by IDOC to provide medical services to prisoners confined to IDOC. Next, plaintiff alleges that "[p]ursuant to 730 ILCS 5/3-7-2, 730 ILCS 5/3-2-2, 730 ILCS 5/1-1-2(c), IDOC Administrative Directives 04.03.121, 04.03.101, 04.03.103 and 04.03.105, and Title 20 Section 415 of the Illinois Administrative Code inmates are

to receive adequate and proper medical care, and not be [sic] receive treatment that is arbitrary or oppressive." A list of plaintiffs "chronic illnesses and injuries" follows. Next, plaintiff alleges that Wexford has adopted policies which fail to "comply with the proper standard of care" and, as a direct and proximate consequence of these alleged policies, plaintiff was deprived of proper health care causing him damages. Plaintiff then alleges that the alleged negligent policies were demonstrated in the ineffective and inadequate treatment of plaintiff's bulging and herniated disc in his lower back, chronic skin disease, heart issues, heel fracture or bone spurs, and other chronic medical issues including Hepatitis-C. Nowhere in Count I is there an express allegation of deliberate indifference in violation of the Eighth Amendment.

## II. ANALYSIS

Federal Rule of Civil Procedure 12(b)(I) allows a party to challenge a federal court's lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). When deciding a defendant's motion to dismiss pursuant to Rule 12(b)(6), the court accepts all of the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences in favor of the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a claim, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

First, defendant contends that this court lacks subject matter jurisdiction over plaintiff's claims because both are based on state law and not on violations of the "Constitution, laws, or treaties of the United States" as is required to invoke this court's federal question subject matter jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In response, plaintiff contends that "[f]actually this matter is filed as a claim under 42 U.S.C. § 1983 claim [sic] for deprivation of a Constitutional right of Plaintiff, by Defendant."

In the opening paragraph of the first amended complaint, plaintiff's counsel has included a citation to 42 U.S.C. § 1983 and has written the words "denial of medical care in violation of the Eighth Amendment." However, there are no allegations in Count I that Wexford's purported policies regarding the provision of health care to inmates was the moving force behind any action taken by Wexford employees which resulted in deliberate indifference to plaintiff's serious medical conditions in violation of his Eighth Amendment rights. See McCann v. Ogle Cty., Illinois, 909 F.3d 881, ___, 2018 WL 6254472, at *4 (7th Cir. Nov. 30, 2018) ("A Monell claim subjects a local governing body ... to liability when an official policy, widespread custom, or action by an official with policy-making authority was the moving force behind a constitutional injury."). As noted, the deliberate-indifference standard is nowhere to be found in Count I. Instead, plaintiff has invoked Illinois statutory standards in support of alleged state-law negligence or medical malpractice resulting in damage to plaintiff. Moreover, in the prayer for relief at the conclusion of Count I, plaintiff specifically requests that the court "[a]ward damages in excess of $100,000 for pain and suffering caused by the negligence of Defendant." Therefore, the court agrees that as alleged plaintiff has failed to state a constitutional claim over which this court has federal question subject matter jurisdiction. Nevertheless, plaintiff is granted leave to amend Count I so that it is stated as

2

an Eighth Amendment violation if his counsel can do so within the confines of his Rule 11 obligations. See O'Boyle v. Real Time Resolutions, Inc., __ F.3d __, No. 18-1936, 2018 WL 6427124, at *6 (7th Cir. Dec. 7, 2018) ("Generally, a plaintiff whose original complaint has been dismissed . . . should be given at least one opportunity to try to amend her complaint before the entire action is dismissed."). If counsel cannot, he should so inform the court.

Defendant also argues for dismissal pursuant to Rule 12(b)(6) maintaining that (1) to the extent that plaintiff's claims are based on his Hepititis-C condition, they are issue precluded because plaintiff is a named plaintiff in two class actions pending in the Central District of Illinois; (2) plaintiff failed to disclose the Central District of Illinois litigation, (3) plaintiff has failed to comply with the certificate of merit required under 735 ILCS 5/2-622; and (4) the claim in Count II based on the improper deduction of $5 co-payments should be heard by the Illinois Court of Claims. Because it would only result in the dismissal of a small part of plaintiff's medical claim, the court need not address Wexford's issue-preclusion argument unless and until a federal claim is stated in Count I. While there is authority for the dismissal of an action with prejudice where prisoner-plaintiffs fail to disclose their litigation history, such action is discretionary. Hoskins v. Dart, 633 F.3d 541,543 (7th Cir. 2011). In this case, the court finds that such an order would be improper as plaintiff did not conceal litigation history that would have precluded his claims, such as where a plaintiff conceals litigation that resulted in the imposition of strikes under 28 U.S.C. § 1915(g). As for Wexford's third argument, despite the language used in Count I, plaintiff has specifically denied any effort to advance a medical malpractice claim for which a § 2-622 certificate would be required. The court will only need to address Wexford's fourth argument if and when plaintiff states a federal claim. Otherwise, plaintiff may bring the improper co-payment claim within Count II in whatever state forum is appropriate.

### III. CONCLUSION

For the foregoing reasons, Wexford's motion to dismiss is granted. The first amended complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint within 30 days in accordance with the directives in this order. Should plaintiff's counsel determine that he is unable to file an amended complaint, he should so inform the court. Failure to timely comply with this order may result in dismissal of this case with prejudice.

Date: 12/20/2018

ENTER:

_____
FREDERICK J. KAPALA

District Judge