IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Lonnie Arsberry, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | Case No. 17 CV 50044 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Wexford Health Sources, Inc., Warden | ) | |
| Donald Enloe, Amber Allen, Bessie | ) | |
| Dominguez, Dr. Bautista, and Dr. Davida, | ) | |
| | ) | |
|     *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Wexford Health Sources, Inc., Dr. Bessie Dominguez, Dr. Catalino Bautista, and Dr. Arthur Davida have moved to bifurcate Plaintiff's *Monell* claim and stay what remains of related *Monell* discovery until either a summary judgment ruling or a verdict on the claims against the individual defendants. Dkt. 141. For the following reasons, the motion to bifurcate the *Monell* claim and stay related discovery is denied.

### I. BACKGROUND

Plaintiff Lonnie Arsberry's suit against Defendants alleges that they were deliberately indifferent in not providing him with timely, adequate medical care and treatment for his serious medical needs and conditions while incarcerated at Dixon Correctional Center ("Dixon"), in violation of the Eighth and Fourteenth Amendments. Plaintiff alleges an intentional infliction of emotional distress claim against all Defendants, deliberate indifference claims against each of the individual Defendants, and a deliberate indifference *Monell* claim against Defendant Wexford. Plaintiff's *Monell* claim alleges that Defendant Wexford's unconstitutional policies, standards, and practices subjected Plaintiff under the doctrine of continuing violation to ongoing and continuous acts of deliberate indifference to his pain and suffering and serious medical needs.

Before the Court is Defendants' motion to bifurcate Plaintiff's *Monell* claim pursuant to Federal Rule of Civil Procedure 42(b) and stay related *Monell* discovery pursuant to Federal Rule of Civil Procedure 26(d). Plaintiff contends that Defendants brought this motion in response to his recent *Monell*-focused discovery requests, which are the subject of Plaintiff's pending motion to compel.[1] Pl.'s Resp. at 2, Dkt. 148; *see* Pl.'s Mot., Dkt. 144. Defendants concede as much, and many of the arguments in the motion to bifurcate relate to the discovery sought in the motion to compel. *See* Def.'s Mot. at 5, Dkt. 141. Although the two motions share some factual overlap, they

---

[1] In the motion to compel, Plaintiff seeks, among other things, documents underlying expert reports produced in *Lippert v. Godinez*, 10-cv-4603 (NDIL). These reports will hereinafter be referred to as "the *Lippert* reports."

are distinct and will be treated as such. This opinion will focus exclusively on the merits of the motion to bifurcate and all discovery-related issues will be addressed in this Court's ruling on Plaintiff's motion to compel.

## II. DISCUSSION

Federal Rule of Civil Procedure 42(b) provides "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The Seventh Circuit has emphasized that only one of the above criteria, prejudice or judicial economy, needs to be satisfied for a court to grant bifurcation "as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment." *Chlopek v. Fed. Ins. Co.,* 499 F.3d 692, 700 (7th Cir. 2007). The district court has considerable discretion in deciding whether to bifurcate claims. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). In recent years, motions to bifurcate *Monell* claims have become "commonplace" and there is a growing body of precedent for both granting and denying bifurcation of *Monell* claims in § 1983 cases. *See Williams v. City of Chi.*, 315 F. Supp. 3d 1060, 1080 (N.D. Ill. 2018); *see also Giles v. Ludwig*, No. 12-CV-6746, 2013 WL 6512683, at *1 (N.D. Ill. Dec. 6, 2013). However, "[b]ecause bifurcation risks additional delay, it has remained the exception and not the rule." *Tate v. City of Chi.,* No., 18 CV 07439, 2019 WL 2173802, at *3 (N.D. Ill. May 20, 2019) (quotation and citation omitted). "[T]he decision to grant or deny bifurcation is a heavily fact-intensive analysis, dependent upon costs and benefits of bifurcation under the unique circumstances of each case." *Awalt v. Marketti,* No. 11 C 6142, 2012 WL 1161500, at *10 (N.D. Ill. April 9, 2012). Federal Rule of Civil Procedure 26(d) also permits a court to stay discovery on *Monell* claims. Fed. R. Civ. P. 26(d); *see also, e.g., Horton v. City of Chi.*, No. 13-CV-6865, 2016 WL 316878, at *2 (N.D. Ill. Jan. 26, 2016); *Saunders v. City of Chi.*, 146 F. Supp. 3d 957, 968 (N.D. Ill. 2015).

As an initial matter, Defendants' articulation of the standard for considering a Rule 42(b) motion is incomplete. *See* Def.'s Mot. at 6, Dkt. 141. While it is true that only one of two criteria – avoidance of prejudice or judicial economy – need to be met before a court can order separation, the court also "must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party." *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). Despite Defendants' omission, the Court is required to consider all three criteria.

Defendants argue that bifurcation is warranted on both bases: judicial economy and avoidance of prejudice.

### A. Judicial economy

Defendants assert that the claims against the individual defendants can be neatly bifurcated from the *Monell* claim against Wexford because Plaintiff must prove individual liability as a prerequisite to corporate liability under *Monell*. Def.'s Mot. at 6-7, Dkt. 141. Defendants contend that, if the underlying treatment of Plaintiff's medical issues does not amount to a violation of his constitutional rights, then Plaintiff's *Monell* claim against Wexford cannot work. *Id*. at 7. Plaintiff responds that his *Monell* claim is not derivative of his other claims. Pl.'s Resp. at 6, Dkt. 148. He cites Seventh Circuit case law stating that *Monell* liability does not always require a finding of

individual liability. *Id*.; *see Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016). Plaintiff points to two specific cases to support his position: *Hall v. Funk*, 14 C 6308, 2019 WL 1239707 (N.D. Ill. Mar. 18, 2019) and *Glisson v. Indiana Dept. of Corrections*, 849 F.3d 372 (7th Cir. 2017).

In *Hall v. Funk*, a jury had found in favor of the individual doctor defendant but found Wexford liable on the *Monell* claim. 2019 WL 1239707, at *1. Wexford subsequently moved for judgment as a matter of law or alternatively for a new trial, arguing that the jury verdict was inconsistent. *Id*. at *1-2. The court concluded that the two verdicts were not inconsistent because the jury may have concluded that the individual defendant "lacked the requisite mental state for liability but that Wexford's policies were nonetheless responsible for a violation of [the plaintiff's] constitutional rights." *Hall*, 2019 WL 1239707, at *3. The court explained that the subjective element in the deliberate indifference claim constituted the basis on which the jury reached divergent findings on the liability of Wexford and the individual doctor. *Id*. at *4.

*Glisson v. Indiana Dept. of Corrections* involved a section 1983 suit alleging that the medical staff and the company providing health services in an Indiana prison were deliberately indifferent to the prisoner's serious medical needs. 849 F.3d at 373-74. The district court dismissed the *Monell* claims after granting summary judgment in favor of the individual defendant doctors and nurses. *Id*. at 378. The Seventh Circuit reversed that decision, explaining that the "case well illustrates why an organization might be liable even if its individual agents are not . . . [I]f institutional policies are themselves deliberately indifferent to the quality of care provided, institutional liability is possible." *Id*.

The Court finds *Glisson* and *Hall* to be persuasive and on point. In both cases, the respective courts held that it was possible for an organization or corporate entity to be held liable for a *Monell* claim of deliberate indifference even if the individual defendants are not. Similarly, in this case, it is possible that a jury could find that the individual defendants were not deliberately indifferent to Plaintiff's medical needs, but rather that they could not respond adequately because of Wexford's unconstitutional policies. As such, individual liability is not a prerequisite to corporate liability in this case. Therefore, bifurcating the individual and *Monell* claims will not result in judicial economy.

**B. Prejudice against the parties**

Defendants next argue that Wexford would be prejudiced by the time and resources necessary to "defend a *Monell* claim that may never ripen." Def.'s Mot. at 8, Dkt. 141. They assert that having to answer and defend "unproven allegations" is unduly burdensome to Wexford and, if the case is not bifurcated, Wexford will be "forced to expend substantial sums of money on discovery clearly disproportional to the case's needs." *Id*. Plaintiff argues that, while Defendants refer in generalities to the time and resources allegedly necessary to defend the *Monell* claim, they offer no specifics. Pl.'s Resp. at 8, Dkt. 148. Subsequently, Defendants attached to their reply brief a declaration from Wexford's Director of Risk Management, HIPAA Compliance, and Legal Affairs, effectively stating that it would be overly burdensome for them to comply with Plaintiff's discovery requests. *See* Def.'s Rep., Ex. B, Dkt. 149-2.

Defendants' argument concerning prejudicial and burdensome discovery is only relevant to this motion to bifurcate if one assumes that a second round of discovery on the *Monell* claim may never happen. *See Awalt v. Marketti*, 11 C 6142, 2012 WL 1161500, at *12 (N.D. Ill. Apr. 9, 2012). Yet, as the Court has explained above, it is inaccurate to say that the *Monell* claim may never ripen because the *Monell* claim against Defendant Wexford is in no way contingent upon the claims against the individual defendants. This means that Defendant Wexford would either proceed with discovery concurrently with the other claims or wait until the individual claims have been decided and then move on to *Monell* discovery; there is no situation in which they do not conduct *Monell* discovery. Thus, because bifurcation of the *Monell* claim in this case would decidedly result in two rounds of litigation, it is more likely to frustrate the purposes that Rule 42(b) is meant to promote. *See Awalt*, 2012 WL 1161500, at *12. Therefore, any argument relating to the burdensome nature of *Monell* discovery is unavailing.

To the extent Defendants believe that the discovery Plaintiff seeks is disproportional to the case's needs, the Court will address Defendants' objections to Plaintiff's production requests in its ruling on the pending motion to compel mentioned above. For any future discovery issues, "the court is prepared to deal with such arguments through the usual course of motion practice and by tailoring requests as necessary." *Mendez v. City of Chicago*, 18 CV 5560, 2020 WL 1479081, at *5 (N.D. Ill. Mar. 26, 2020); s*ee Maysonet v. Guevara*, No. 18-CV-2342, 2020 WL 3100840, at *3 (N.D. Ill. June 11, 2020).

Turning to the final factor, Plaintiff contends that he would be prejudiced if the motion to bifurcate was granted. Pl.'s Resp. at 9, Dkt. 148. In support, he states that he is 76 years old and the case has been ongoing for over four years. *Id*. Further, Plaintiff argues that, if Defendants' motion is granted, proceeding through the case will take even more time. *Id*. Plaintiff also states that he has non-economic objectives, including deterrence and reform, which would be prejudiced by bifurcation. *Id*.

As cited above, the Seventh Circuit has made clear that a court may not order bifurcation if doing so would prejudice the non-moving party. *See Chlopek*, 499 F.3d at 700; *Houseman*, 171 F.3d at 1121. Although the Court technically need not address the issue of whether Plaintiff (as the non-moving party) would be prejudiced because it has not found that bifurcation is warranted, this conclusion is reinforced by the Court's finding that Plaintiff would be prejudiced by bifurcation.

Plaintiff's most compelling argument as to prejudice is that related to his advanced age. The risk of prejudice in waiting for a summary judgment ruling or verdict on the claims against the individual defendants before proceeding to *Monell* discovery is especially pronounced for an elderly plaintiff. *See Galati v. Pharmacia & Upjohn Co.*, No. 10-CV-3899, 2011 WL 2470047, at *2 (E.D.N.Y. June 17, 2011) (finding 67-year-old plaintiff would be prejudiced by stay in part because of her age); *Rutledge v. NCL (Bahamas) Ltd.*, 08-21412-CIV, 2010 WL 11629649 (S.D. Fla. Oct. 21, 2010) (denying bifurcation in part due to the plaintiff's "advanced age"). Additionally, as Plaintiff explains in his brief, this case is already over four years old. Unnecessarily delaying the final resolution only increases the risk of prejudice against him. *See Interstate Restoration Group, Inc. v. Al Copeland Investments*, CIV.A. 07-0970, 2009 WL 1870787, at *5 (E.D. La. June 25, 2009) (denying bifurcation in part because, given the age of the

case, bifurcation would most likely prejudice the nonmoving party); *Baratta v. Homeland Housewares, LLC*, No. 05-60187-CIV, 2008 U.S. Dist. LEXIS 125234, at *15 (S.D. Fla. Oct. 27, 2008) (same). The Court finds that Plaintiff would be prejudiced by bifurcating and staying the *Monell* claim.

The Court concludes that Defendants' motion to bifurcate Plaintiff's *Monell* claim and stay discovery are not in accordance with Rule 42(b)'s considerations of convenience, economy, expedition, and prejudice. The Court finds that the potential for bifurcation or a stay to serve the interests of judicial economy and avoid unfair prejudice to Defendants is low, especially when weighed against the interests of and prejudice to Plaintiff as the non-moving party.

### III. CONCLUSION

The Court denies Defendants' motion to bifurcate Plaintiff's *Monell* claim and stay discovery on that claim.

Date: October 22, 2021        By:  _____
                                    Lisa A. Jensen
                                    United States Magistrate Judge